1  Matt Olavi, Esq. (Bar No. 265945)
   molavi@olavidunne.com

2  Brian J. Dunne, Esq. (Bar No. 275689)
   bdunne@olavidunne.com

3  **OLAVI DUNNE LLP**

4  800 Wilshire Blvd., Suite 320

5  Los Angeles, California 90017
Telephone:  (213) 516-7900

6  Facsimile:  (213) 516-7910

7

8  *Attorneys for Plaintiff Eclipse IP LLC*

9  **UNITED STATES DISTRICT COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA**

11  ECLIPSE IP LLC, a Florida Limited          ) Case No.

12  Liability Company,                                       )
                                        )

13            Plaintiff,                             ) **COMPLAINT FOR PATENT**
                                        ) **INFRINGEMENT**

14                                        ) **TRIAL BY JURY DEMANDED**

15      v.                                                    )

16  GOOGLE, INC., a Delaware              )
Corporation; WAZE, INC., a Delaware  )

17  Corporation,                                          )

18            Defendants.                          )

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR PATENT INFRINGEMENT**

1    Plaintiff Eclipse IP LLC ("Eclipse"), by and through counsel, complains

2  against Google, Inc. ("Google") and Waze, Inc. ("Waze") (collectively

3  "Defendants") as follows:

4                          **NATURE OF LAWSUIT**

5        1.    This is a suit for patent infringement arising under the patent laws of

6  the United States, Title 35 of the United States Code § 1 *et seq.* This Court has

7  exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C.

8  §§ 1331 and 1338(a).

9                          **PARTIES AND PATENT**

10       2.    Eclipse is a company organized under the laws of Florida and having a

11  principal place of business at 115 NW 17th St, Delray Beach, Florida 33444.

12       3.    Eclipse owns all right, title, and interest in and has standing to sue for

13  infringement of United States Patent No. 8,068,037 ("the '037 patent"), entitled

14  "Advertisement systems and methods for notification systems" (Exhibit A) ("the

15  Eclipse Patent").

16       4.    On information and belief, Google is a corporation existing under the

17  laws of Delaware.

18       5.    On information and belief, Waze is a corporation existing under the

19  laws of Delaware.

20       6.    On information and belief, Google does regular business in this Judicial

21  District, maintains at least one office in this Judicial District, and conduct leading to

22  Google's acts of infringement has occurred in this Judicial District.

23       7.    On information and belief, Waze does regular business in this Judicial

24  District and conduct leading to Waze's acts of infringement has occurred in this

25  Judicial District.

26                         **JURISDICTION AND VENUE**

27       8.    This Court has personal jurisdiction over Defendants because they have

28  engaged in continuous and systematic business in California; upon information and

**COMPLAINT FOR PATENT INFRINGEMENT**

belief, derive substantial revenues from commercial activities in California; and, upon information and belief, are operating and/or supporting products or services that fall within one or more claims of Eclipse's patent in this District.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) at least because the claim arises in this Judicial District, Google and Waze may be found and transact business in this Judicial District, and injuries suffered by Plaintiff took place in this Judicial District. Google and Waze are subject to the general and specific personal jurisdiction of this Court at least because of their contacts with the State of California.

## FACTUAL BACKGROUND

10. Beginning in approximately 2007, with the advent of what is considered the modern smartphone, consumers and businesses have enjoyed unprecedented benefits from these devices and the services that they support.

11. For example, consumers can now use their smartphones to search the Internet, purchase products online, video conference with one another, and even navigate from one place to another with turn-by-turn directions.

12. The growth of the mobile consumer, armed with a smartphone or tablet, has spawned a panoply of new industries. One such industry is the mobile and location-based advertising industry.

### Location-Based Retail Advertising

13. Retail advertising is the process of calling the public's attention to a business, usually for the purpose of selling products or services, through the use of various forms of media. Advertising provides a direct line of communication to a business' existing and prospective customers.

14. In the past, advertisers have used traditional forms of media, such as print, radio, and television, to deliver these advertisements.

///

///

**COMPLAINT FOR PATENT INFRINGEMENT**

15. However, the advent of the smartphone and their now nearly-ubiquitous use among consumers in the United States have created an entirely new way to deliver advertisements based on the consumers' location.

16. Location-based advertising is a new form of advertising that integrates advertising with location-based services. Using the user's location or location history, location-based advertising allows businesses to target advertisements to users who are nearby. Advertisements sent to nearby users, such as someone driving past the retail establishment, are far more valuable to retailers than advertisements sent to someone else miles away.

17. For example, according to a recent study by Verve Mobile – a niche mobile advertising network – advertising campaigns that used location-based data performed twice as well as those that did not.

18. The effectiveness of mobile advertising has led to increased spending on mobile advertising in lieu of spending in other mediums. For example, according to Gartner, Inc. – a leading information technology research and advisory company – worldwide mobile advertising revenue in 2013 is expected to reach $11.4 Billion and is expected to grow rapidly in the coming years. *See, e.g.*, http://www.gartner.com/newsroom/id/2306215.

19. Google has itself recognized the importance and value of using location-based information to deliver advertisements to consumers and has at least one patent itself related to mobile, location based advertising. *See, e.g.*, U.S. Patent No. 7,668,832, entitled "Determining and/or using location information in an ad system."

**DEFENDANTS' ACTS OF PATENT INFRINGEMENT**

20. Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 19 above as if fully set forth herein.

///

///

3
**COMPLAINT FOR PATENT INFRINGEMENT**

21.     On information and belief, Google is a technology company that offers products and services ranging from cellular telephones and the famous Android smartphone platform to a search engine, email hosting, and mapping services.

<u>Google's Waze Navigation Application</u>

22.     In 2013, on information and belief, Google acquired Waze, a company that developed a community-driven navigation application that notifies users of upcoming, location-specific alerts ("the Waze App").

23.     On information and belief, Google purchased Waze for in excess of $1 Billion.

24.     On information and belief and according to its website, the Waze App is "the world's largest community-based traffic and navigation app."

25.     On information and belief, the Waze App is a turn-by-turn navigation application that directs a user to get from one location to another using audible and on-screen notifications.

26.     On information and belief, the Waze App monitors the location of a user and notifies the user of police, accidents, road hazards, or traffic jams along the user's route using a visual and/or audio notification.

27.     On information and belief, the Waze App also notifies the user of his progress in reaching the destination by identifying the user's present location on a map and indicating the amount of time until the user reaches his destination.

28.     On information and belief, the Waze App also functions as an advertising system, allowing businesses to advertise services to nearby Waze App users.

29.     On information and belief, businesses may place a branded pin ("a Pin") that represents the business on Waze maps.

30.     On information and belief, this Pin can be customized to include the businesses logo, icon, or other image, and functions like an interactive billboard.

**COMPLAINT FOR PATENT INFRINGEMENT**

31.     On information and belief, users can select the Pin to find out more about the business, to hear about specials, or to navigate directly to the business location.

32.     On information and belief, the Waze App also allows businesses to provide "special promotions and red light pop-ups" to drivers who are stopped at red lights.  These notifications are provided for users who are stopped within 5 kilometers of the business' Pin and allow the business to notify the users of coupons or special discounts that are available in store.

33.     On information and belief, Defendants earn revenue from the Waze App through at least advertising revenue.  For example, one or both Defendants earn a fee from advertisers each time the advertiser's Pin is displayed to a user on the map.

Google's Google Maps Application

34.     On information and belief, Google Maps is a mapping application, available for both Apple Inc.'s iOS and Google's Android operating platforms, offered by Google.

35.     On information and belief, Google Maps monitors the user's location and provides turn-by-turn instructions to direct the user to a desired destination.

36.     On information and belief, Google Maps notifies the user of his progress in reaching the destination by identifying the user's present location on a map and indicating the amount of time until the user reaches his destination.

37.     On information and belief, Google Maps also functions as an advertising system, allowing businesses to advertise services to nearby Google Maps users.

38.     On information and belief, when users search for a location within Google Maps, Google delivers ads to the user that are based, at least in part, on the user's location.

5

**COMPLAINT FOR PATENT INFRINGEMENT**

39.     On information and belief, Google earns revenue from Google Maps through at least advertising revenue.  For example, Google earns a fee from advertisers each time an advertisement is displayed to the user and/or each time an advertisement is selected by the user.

## CLAIMS FOR RELIEF

## COUNT 1
(Patent Infringement of U.S. Patent No. 8,068,037
Under 35 U.S.C. § 271 *et seq.*)

40.     Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 39 above as if fully set forth herein.

41.     On November 29, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,068,037, entitled, "Advertisement systems and methods for notification systems." Eclipse is the owner of the entire right, title and interest in and to the '037 patent.  A true and correct copy of the '037 patent is attached as Exhibit A to this Complaint.

42.     The '037 patent is valid and enforceable.

43.     Eclipse is informed and believes, and thereupon alleges, that: (1) Defendants have infringed and continue to infringe one or more claims of the '037 patent, literally and/or under the doctrine of equivalents and additionally and/or in the alternative, (2) Defendants have actively induced and continue to actively induce and/or have contributed to and continue to contribute to the infringement of one or more claims of the '037 patent in this District and elsewhere in the United States.

44.     On information and belief, Defendants have directly infringed and continue to directly infringe one or more claims of the '037 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling a method for advertising in connection with a computer-based notification system to, for example: monitor travel data associated with a user during turn-by-

6
**COMPLAINT FOR PATENT INFRINGEMENT**

turn navigation; determine that a notification should be made based upon the user's location; provide a notification when the user is near his destination; and provide advertisements as part of or accompanying the notification communication in exchange for a fee.

45.     Additionally and/or in the alternative, on information and belief, Defendants have actively induced and continue to actively induce and/or have contributed to and continue to contribute to the infringement of one or more claims of the '037 patent, in violation of 35 U.S.C. § 271(b) and/or (c), by, among other things, actively, knowingly, and intentionally encouraging, aiding, and/or abetting others to make, use, offer for sale, and/or sell portions of a computer-based notification system that infringes one or more claims of the '037 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement.

46.     On information and belief, Defendants have had knowledge of the '037 patent at least as early as December 27, 2013, the day that each received a courtesy copy of the Complaint, which set forth factual allegations of both Google's and Waze's infringement.  Additionally, at least as early as December 27, 2013, Defendants knew or should have known that their continued offering, use, deployment, and/or operation of the at least one computer-based notification system and their continued support of others, if those parties perform any limitations of one or more of the claims of the '037 patent, would induce direct infringement of the '037 patent, as they had actual knowledge of the patent and factual allegations of their infringement thereof.

47.     On information and belief, Defendants have not changed or modified their infringing behavior since December 27, 2013.

48.     Defendants' aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or

**COMPLAINT FOR PATENT INFRINGEMENT**

1   licensing revenues it would have made but for the infringements.  Unless enjoined,

2   the aforesaid infringing activity will continue and cause irreparable injury to Eclipse

3   for which there is no adequate remedy at law.

4   ### PRAYER FOR RELIEF

5       WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against

6   Defendants and against each of Defendants' respective subsidiaries, affiliates,

7   agents, servants, employees and all persons in active concert or participation with

8   them, granting the following relief:

9       1.    A judgment that Defendants have infringed the Eclipse Patent;

10      2.    A permanent injunction against Defendants, their respective officers,

11  agents, servants, employees, attorneys, parent and subsidiary corporations, assigns

12  and successors in interest, and those persons in active concert or participation with

13  them, enjoining them from direct and indirect infringement of the Eclipse Patent;

14      3.    An award of damages adequate to compensate Eclipse for the

15  infringement that has occurred, together with prejudgment interest from the date

16  infringement of the Eclipse Patent began;

17      4.    A reasonable royalty for Defendants' use of Eclipse's patented

18  technology, as alleged herein;

19      5.    An award to Eclipse of all remedies available under 35 U.S.C. §§ 284

20  and 285; and,

21      6.    Such other and further relief as this Court or a jury may deem proper

22  and just.

23

24  ///

25  ///

26  ///

27  ///

28  ///

8

**COMPLAINT FOR PATENT INFRINGEMENT**

DATED:  December 27, 2013          OLAVI DUNNE LLP

By:  /s/ Matt Olavi

Matt Olavi
Brian J. Dunne
*Attorneys  for Plaintiff*
*Eclipse IP LLC*


## JURY DEMAND

Eclipse demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.


DATED:  December 27, 2013          OLAVI DUNNE LLP

By:  /s/ Matt Olavi

Matt Olavi
Brian J. Dunne
*Attorneys  for Plaintiff*
*Eclipse IP LLC*

9

**COMPLAINT FOR PATENT INFRINGEMENT**